## [No. 1907.]

### Jose Maria Bravo *v.* The State.

1. BURGLARY.— INDICTMENT for burglary which charges an entry by force, but does not aver that the entry was at night, or that it was made in the daytime by a party who lay concealed until night, charges a daylight breaking.
2. SAME — CHARGE OF THE COURT.— The indictment charging only a daylight burglary, the trial court, in failing in its charge to restrict the jury to a daylight burglary, and in charging the law as applicable to a night burglary, committed an error for which, in view of the objection presented by bill of exceptions, the judgment of conviction must be reversed.

APPEAL from the District Court of Webb.   Tried below before the Hon. J. C. Russell.

The conviction was for the burglary of the store-house of Ludovico Moglia, in Webb county, Texas, on the 27th day of September, 1885. The penalty assessed against the appellant was a term of two years in the penitentiary.   The transcript brings up no statement of the case.

No brief for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.   No statement of facts appears in the record.   The indictment was for burglary, but contains no direct or specific allegation as to the time of its commission, that is, whether

the offense was committed "at night" or in "day-time." But it is alleged that the entry was by the use of force and fraud, and that defendant did "forcibly break and enter," etc. In charging burglary under our Code (Penal Code, art. 704), it would be the better practice, though not always necessary, to allege the time of entry, *i. e.*, whether in the day-time or at night. (*Conoly* v. *The State*, 2 Texas Ct. App., 412; Willson's Crim. Forms, 460, 463, 464.)

"The indictment charging that the entry was effected by force, and it not being averred that the house was entered at night, nor that the entry was made in the day-time and that the party lay concealed until night, it must be held to charge a daylight breaking." (*Summers* v. *The State*, 9 Texas Ct. App., 396.) Under the indictment defendant could only be tried for a daylight breaking.

There is a bill of exceptions in the record saved by defendant to the charge of the court, and by agreement of counsel annexed to this bill it is stated that it is agreed that the burglary, if committed, was committed in the day-time. As we have seen, this agreement was unnecessary, the indictment only charging a day-time burglary. As shown by the bill of exceptions, the court does not in its charge limit and restrict the jury to a day-time burglary,— the offense charged in the indictment and the offense actually committed, if any,— but also submitted to them the law upon a burglary committed in the night-time. This was error. And the error having been saved by a bill of exceptions at the time makes the error material and reversible. (*Mace* v. *The State*, 9 Texas Ct. App., 110; *Summers* v. *The State*, 9 Texas Ct. App., 396; *Buntain* v. *The State*, 15 Texas Ct. App., 485. See the rule stated with a full collocation of authorities in *Niland* v. *The State*, 19 Texas Ct. App., 166.)

Because the charge of the court was erroneous in submitting issues not warranted by the allegations or the proofs, the judgment is reversed and the cause remanded.

*Reversed and remanded.*